**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION**

LABARRON WILEY,               :

    Plaintiff,                 :

vs.                           :        CA 08-0440-KD-C

TREADWELL HONDA and           :
BENJAMIN JACKSON,

                        :

    Defendants.

## REPORT AND RECOMMENDATION

This cause is before the Magistrate Judge for issuance of a report and

recommendation, pursuant to 28 U.S.C. § 636(b)(1)(B), on the parties' agreed

motion to dismiss or, in the alternative, to stay proceedings pending arbitration

(Doc. 11). The Magistrate Judge recommends that the Court dismiss this

action.

## FINDINGS OF FACT

1.      On July 28, 2008, plaintiff Labarron Wiley, proceeding *pro se*,

instituted this action pursuant to Title VII of the Civil Rights Act of 1964, as

amended, 42 U.S.C. §§ 2000e *et seq*., claiming that on October 27, 2007,

inside the showroom floor at the Treadwell Honda Dealership in Mobile,

Alabama, he was sexually harassed by the used car sale's supervisor, Benjamin

Jackson. (*See* Doc. 1, at 1-2) Wiley seeks $10,000,000 in compensatory and

punitive damages from Treadwell Honda and Jackson. (*Id.* at 2)

2.     On February 6, 2009, Jeffrey W. Bennitt, Esquire, filed his

notice of appearance as counsel of record for Wiley. (Doc. 10) That same day,

the parties filed this agreed motion to dismiss or, in the alternative, to stay

proceedings pending arbitration. (Doc. 11) The parties attached to their motion

the Arbitration Agreement Wiley signed on April 3, 2007 upon being

employed by Treadwell Honda. (*See id.*, Exhibit A)

> **Arbitration of Disputes.**   Both Employee and the
> Dealership . . . acknowledge that the Dealership promotes a
> system of alternative dispute resolution that involves binding
> arbitration to resolve all disputes that may arise out of the
> employment context. Because of the mutual benefits . . . which
> private binding arbitration can provide both the Dealership and
> Employee, both the Dealership and Employee agree that any
> claim, dispute, and/or controversy (including, but not limited to,
> any claims of discrimination and harassment, whether they be
> based on state law, Title VII of the Civil Rights Act of 1964, as
> amended, as well as all other state or federal laws or regulations)
> that the Employee or the Dealership may have against the other
> shall be submitted to and determined exclusively by binding
> arbitration under the Federal Arbitration Act, in conformity with
> the procedures set forth in the applicable statutes. This
> specifically includes any claim . . . Employee may have against
> the Dealership, which would otherwise require or allow resort
> to any court or other governmental dispute resolution forum
> arising from, related to, or having any relationship or connection
> whatsoever with Employee's seeking employment with,

employment by, termination of employment, or other association with the Dealership, whether based on tort, contract, statutory, or equitable law, or otherwise.

(*Id.*)

## CONCLUSIONS OF LAW

1.      The parties have agreed to dismiss this action or, in the alternative, to stay proceedings pending arbitration. (Doc. 11) The arbitration agreement executed by Wiley on April 3, 2007, is an enforceable agreement to arbitrate and, therefore, this Court may properly grant the joint motion to dismiss. *See, e.g., Caley v. Gulfstream Aerospace Corp.*, 428 F.3d 1359, 1379 (11th Cir. 2005) ("[W]e conclude that the DRP constitutes an enforceable agreement to arbitrate, and the district court properly granted defendants' motions to dismiss and to compel arbitration."), *cert. denied*, 547 U.S. 1128, 126 S.Ct. 2020, 164 L.Ed.2d 779 (2006); *Jackson v. Cintas Corp.*, 425 F.3d 1313, 1315 & 1318 (11th Cir. 2005) ("[T]he court compelled arbitration and dismissed the complaint[.] . . . Although the district court retained jurisdiction over the motion for sanctions, the dismissal and order compelling arbitration was a final appealable decision. Because the district court properly severed the limitations provision and enforced the remainder of the arbitration clause and the district court did not abuse its discretion when it denied Jackson's request

3

for Rule 56(f) discovery, the judgment of the district court is AFFIRMED.").

Accordingly, the Magistrate Judge recommends that the Court grant the

parties' agreed motion to dismiss and dismiss the complaint without prejudice

with respect to plaintiff's Title VII claim against Treadwell Honda.

> 2.     It is further recommended, however, that plaintiff's Title VII

claim against Benjamin Jackson be dismissed with prejudice because Title VII

relief is not available against individual employees. *Dearth v. Collins*, 441

F.3d 931, 933 (11th Cir.) ("[W]e now expressly hold that relief under Title VII

is available against only the employer and not against individual employees

whose actions would constitute a violation of the Act, *regardless* of whether

the employer is a public company or a private company."), *cert. denied*, 549

U.S. 822, 127 S.Ct. 153, 166 L.Ed.2d 37 (2006); *see also Cannova v.*

*Breckenridge Pharmaceutical, Inc.,* 2009 WL 64337, *3 (S.D. Fla. 2009)

("The Eleventh Circuit 'expressly [held] that relief under Title VII is available

only against the employer and not against individual employees whose actions

would constitute a violation of the Act.' . . . Plaintiff's Title VII claims against

Runsdorf are not sustainable as a matter of law. Accordingly, Defendants'

motion to dismiss the Title VII claim as to Runsdorf is **GRANTED**.").

## CONCLUSION

In light of the foregoing, the undersigned recommends that the Court **GRANT** the parties' agreed motion to dismiss (Doc. 11) and dismiss plaintiff's complaint without prejudice as to Treadwell Honda pending arbitration proceedings; however, plaintiff's Title VII claim against Benjamin Jackson is due to be dismissed with prejudice.

The instructions which follow the undersigned's signature contain important information regarding objections to the report and recommendation of the Magistrate Judge.

**DONE** this the 17th day of February, 2009.

   s/WILLIAM E. CASSADY
**UNITED STATES MAGISTRATE JUDGE**

**MAGISTRATE JUDGE'S EXPLANATION OF PROCEDURAL RIGHTS AND
RESPONSIBILITIES FOLLOWING RECOMMENDATION, AND
FINDINGS CONCERNING NEED FOR TRANSCRIPT**

l.       ***Objection***.  Any party who objects to this recommendation or anything in it must, within ten days of the date of service of this document, file specific written objections with the Clerk of this court.  Failure to  do so will bar a *de novo* determination by the district judge of anything in the recommendation and will bar an attack, on appeal, of the factual findings of the Magistrate Judge.  *See* 28 U.S.C. § 636(b)(1)(C); *Lewis v. Smith*, 855 F.2d 736, 738 (11th Cir. 1988); *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. Unit B, 1982)(*en banc*).  The procedure for challenging the findings and recommendations of the Magistrate Judge is set out in more detail in SD ALA LR 72.4 (June 1, 1997), which provides that:

> A party may object to a recommendation entered by a magistrate judge in a dispositive matter, that is, a matter excepted by 28 U.S.C. § 636(b)(1)(A), by filing a 'Statement of Objection to Magistrate Judge's Recommendation' within ten days after being served with a copy of the recommendation, unless a different time is established by order.  The statement of objection shall specify those portions of the recommendation to which objection is made and the basis for the objection.  The objecting party shall submit to the district judge, at the time of filing the objection, a brief setting forth the party's arguments that the magistrate judge's recommendation should be reviewed *de novo* and a different disposition made.  It is insufficient to submit only a copy of the original brief submitted to the magistrate judge, although a copy of the original brief may be submitted or referred to and incorporated into the brief in support of the objection.  Failure to submit a brief in support of the objection may be deemed an abandonment of the objection.

A magistrate judge's recommendation cannot be appealed to a Court of Appeals; only the district judge's order or judgment can be appealed.

2.       ***Transcript (applicable Where Proceedings Tape Recorded)***.  Pursuant to 28 U.S.C. § 1915 and FED.R.CIV.P. 72(b), the Magistrate Judge finds that the tapes and original records in this case are adequate for purposes of review.  Any party planning to object to this recommendation, but unable to pay the fee for a transcript, is advised that a judicial determination that transcription is necessary is required before the United States will pay the cost of the transcript.

 s/WILLIAM E. CASSADY
UNITED STATES MAGISTRATE JUDGE